

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

Antoine Davis-Bey
(hereinafter Plaintiff),
vs

**04/26/2024**

State of Texas
Christopher G Morales
(hereinafter Defendants)

**RE: CIVIL ACTION FOR DEPRIVATION OF RIGHTS UNDER COLOR OF LAW**

Comes now Plaintiff, sui juris, in propria persona, hereby gives official petition for redress arising from state court actions against plaintiff and to adjudicate justice for violations of the U.S. Constitution and bill of rights fourth, fifth, sixth and fourteenth amendments and but not limited to title 18 U.S. Codes 242, and title 42 U.S. Codes 1983. Plaintiff hereby submits this civil action for the deprivation of rights under color of law to be heard in the United States Federal District court.

## I. MULTIPLE GROUNDS FOR ACTION PURSUANT TO CONSTITUTIONAL VIOLATIONS AND DIVERSITY JURISDICTION

Jurisdiction / Venue are hereby pursuant to Diversity of citizenship, and Constitutional and bill of rights violations. Removal is pursuant to 28 U.S. Code § 1441 - Removal of civil actions, and 28 U.S. Code § 1331. There is complete diversity between the parties. 28 U.S.C. § 1332 (a) Diversity; Defendants are residents of STATE OF TEXAS and Citizen of the U.S., and Plaintiffs' nationality is Moorish-American descendant of Ancient Moabites, and holds the status as private citizen, National, non-U.S. citizen, non-resident of STATE OF TEXAS, Natural Person; and member of THE MOORISH SCIENCE TEMPLE OF AMERICA founded by Prophet Noble Drew Ali in 1913 in Newark, New Jersey.



Notice to the agent is notice to the principal, notice to the principal is notice to the agent; UCC 1-202



## II. STATEMENT OF FACTS

1. On MARCH 08th 2021, Plaintiff while traveling in his automobile was detained by Jazz Roberts, a police agent for Fort Bend County, Rosenberg police department.
2. Plaintiff was arrested and falsely imprisoned without warrant and/or breach of peace, in violation of due process clause of the fourth amendment of the U.S. Constitution that initiated from an unlawful traffic stop that plaintiff was never charged for nor convicted in Fort Bend County Courthouse etc.
3. Plaintiff was falsely accused and cited for Texas penal codes: UNLAWFUL CARRYING WEAPON, EVADING ARREST, POSSESSION OF MARIJUANA; and
4. Whereas charges for POSSESSION OF MARIJUANA have been dismissed in the Fort Bend County Courthouse. 21-CCR-221011. (see attachment: rejection of prosecution)
5. The following case numbers are in want of jurisdiction in the Fort Bend County Court, presided by Defendants, 22-CCR-221014; 22-CCR-221009.
6. The plaintiff was taken to Fort Bend County Jail on March 08, 2021, and was released on bail-bond of $1, 750 on March 09, 2021.
7. Defendant Christopher G Morales being an agent for Fort Bend County, acted in his individual capacity under color of law, when he received two motions from plaintiff to dismiss all charges for lack of jurisdiction and defendant failed to grant plaintiff's motion on two different occasions 03/25/21 and 04/30/21.
8. Defendants scheduled a hearing for 05/14/24, 9:30 am, which was canceled by agents of the Fort Bend County Courthouse on their own merit; (see attachment: case docket)
9. Defendant ordered an arrest warrant for alleged failure to appear at a hearing that plaintiff never got served or notified about on 07/23/21. (see attachment: misdemeanor docket)
10. Defendants failed to give notice of arrest warrant issued on 07/23/21 to plaintiff. Defendants also forfeited plaintiff bond of $1,750. Defendants claim to call plaintiff name in the Fort Bend courthouse, which is not sufficient notice. (see attachment: misdemeanor docket).



11. Defendant, Christopher G Morales doing business as Judge had a duty pursuant to his Oath of Office, and State of Texas laws, pursuant but not limited to TEXAS GOVERNMENT CODE Chapter 602 Section 602.002 to protect due process of law and Constitutional secured rights of plaintiff which he neglected to do so when defendant neglected both motions by plaintiff to dismiss charges, for lack of probable cause and lack of jurisdiction on 03/25/21 and 04/30/21.

12. On 04/22/2023 the plaintiff was detained and imprisoned by Jersey Village police agents for said warrant and transferred to Fort Bend County Jailhouse. Plaintiff posted bail bond in the amount of $6,000 and was imprisoned for a total of 13 hours in the Fort Bend County Jail, Texas.

13. The charges are currently pending against the plaintiff, and a hearing has been scheduled for 07/26/24 8:30 am with defendant presiding.



## III. STATEMENT OF LAW

**I. Legal Basis for Section 1983 Claim:**
Section 1983 provides a civil cause of action against any person who, acting under color of state law, deprives another individual of rights secured by the Constitution and laws of the United States. In this case, the county judge, acting in an official capacity, qualifies as a state actor for the purposes of Section 1983.

**II. Breach of Fiduciary Duty:**
A county judge, in the performance of judicial duties, owes a fiduciary duty to uphold the constitutional rights of individuals appearing before the court. Breach of this duty occurs when the judge acts in a manner contrary to the principles of due process and equal protection guaranteed under the Sixth and Fourteenth Amendments.

**III. Violation of Plaintiff's Rights:**
In the present case, the plaintiff alleges that the county judge, by granting probable cause in an arrest without a warrant in a situation that led to criminal charges, violated the plaintiff's constitutional rights. This action constitutes a breach of fiduciary duty and color of law as it disregards the requirement for sufficient legal grounds and proper procedures in determining probable cause.

Relevant Case Law:

**A. *Malley v. Briggs, 475 U.S. 335 (1986)*:**
In *Malley*, the Supreme Court held that a judge's issuance of a warrant based on an affidavit lacking probable cause may subject the judge to liability under Section 1983 if the judge acted in a manner that "reflects disregard for the established principles governing the issuance of warrants."



**B. *Pierson v. Ray, 386 U.S. 547 (1967)*:**
In *Pierson*, the Supreme Court affirmed that judges are not immune from liability under Section 1983 for actions taken in "clear absence of all jurisdictions."

**C. Delaware v Prouse, (1979) 440 US 648, 59 Led2d 660:**
A person driving an automobile cannot be stopped to see if he or she is licensed to drive unless there is reasonable suspicion the person has engaged in criminal conduct.

## IV. COMPLIANCE WITH NOTICE PROVISIONS

Claimant timely presented his claim as foreign American national pursuant to Special Appearance being filed on the record prior to arrest warrant issued by defendant as required by Texas Rules Civil Procedures Rule 120a. Since my rights have clearly been violated, plaintiff demands as remedy the immediate dismissal of all charges; held against plaintiff in the State court, Fort Bend County, with prejudice.

## V. CAUSES OF ACTION

### COUNT 1 – 42 U.S. Codes 1983: NEGLIGANCE – BREACH OF FIDUCIARY DUTY CLAIM AGAINST [CHRISTOPHER G MORALES] IN INDIVIDUAL CAPACITY

Defendant acted in his individual capacity under color of his authority outside the scope of his employment as administrator officer doing business as "COUNTY JUDGE". Defendant had no authority to grant probable cause and neglected his duty to follow res judicata by granting plaintiff's motion to dismiss for lack of jurisdiction. Once jurisdiction was challenged on the record then it cannot be waived, or assumed, and all pleadings after jurisdiction has been challenged shall be null and void.



**COUNT 2 – 42 U.S. Code 1983: 18 U.S. Code 242; DEPRIVATION OF RIGHTS UNDER COLOR OF LAW CLAIM AGAINST [CHRISTOPHER G MORALES] IN INDIVIDUAL CAPACITY**

The Defendant, while doing business as Judge, caused damages to Plaintiff when he issued an arrest warrant knowingly violating plaintiff's due process of law without notice of hearing. The defendant violated petitioners clearly established constitutional rights and neglected his duty to use ordinary care in the scope of his employment as County Judge and law enforcement for STATE OF TEXAS. **Texas Constitution, Article 16, Section 1**

**COUNT 3 – TEXAS PENAL CODE 39.03 – OFFICIAL OPPRESSION CLAIM AGAINST [CHRISTOPHER G MORALES] IN INDIVIDUAL CAPACITY**

Defendant acted under color of his employment as agent of Fort Bend County and intentionally subjected claimant to arrest by police law enforcement by issuing arrest warrant for claimant without authority. Defendant intentionally denied and impeded on claimant exercise and enjoyment of due process of law as foreign American national within the STATE OF TEXAS jurisdiction, Defendant did not grant immunity to foreign American national, and knew that his conduct was unlawful, to harass and intimidate plaintiff.

## VI. DAMAGES

As a direct and proximate result of the defendant actions, Claimant suffered the following injuries and damages.

a. Mental anguish in the past and future.
b. Lost earnings.
c. Loss of earning capacity.
d. Physical pain and suffering
e. Property damage.



Notice to the agent is notice to the principal, notice to the principal is notice to the agent; UCC 1-202



VII. **RELIEF**

For these reasons, claimant asks for judgement against defendant for the following:

a. Actual damages of $6,000
b. Punitive damages of $85,000.
c. Attorney fees of $2,500.
d. Prejudgment and postjudge interest.
e. Costs of suit.
f. State Court charges to be dropped, dismissed with prejudice.
g. All other relief the Court deems appropriate.

VIII. **CERTIFICATE OF SERVICE**

I, Antoine Davis-Bey, hereby certify that on 05/01/24 [Date], I served a true and correct copy of the Notice of Removal in the case of STATE OF TEXAS VS ANTOINE JERMAINE DAVIS Case No. 22-CCR-221014; 22-CCR-221009 upon all parties of record, via certified mail, as

FORT BEND COUNTY COURTHOUSE
401 Jackson Street
Richmond, TX 77469

Antoine Davis-Bey, Plaintiff
C/O 712 WILCREST DR #1212
HOUSTON, TX 77042



Notice to the agent is notice to the principal, notice to the principal is notice to the agent; UCC 1-202



## VII. RELIEF

For these reasons, claimant asks for judgement against defendant for the following:

a. Actual damages of $6,000
b. Punitive damages of $85,000.
c. Attorney fees of $2,500.
d. Prejudgment and postjudge interest.
e. Costs of suit.
f. State Court charges to be dropped, dismissed with prejudice.
g. All other relief the Court deems appropriate.

## VIII. CERTIFICATE OF SERVICE

I, Antoine Davis-Bey, hereby certify that on 04/30/2024 [Date], I served a true and correct copy of the Civil Action for Deprivation of Rights in the case of STATE OF TEXAS VS ANTOINE JERMAINE DAVIS Case No. 22-CCR-221014; 22-CCR-221009 upon all parties of record, via certified mail, as

FORT BEND COUNTY COURTHOUSE
401 Jackson Street
Richmond, TX 77469

Antoine Davis-Bey, Plaintiff
C/O 712 WILCREST DR #1212
HOUSTON, TX 77042



Notice to the agent is notice to the principal, notice to the principal is notice to the agent; UCC 1-202



State Texas
County Harris

Subscribed and sworn to (or affirmed) before me, a Notary Public in and for said County and State, this 30th day of April 24, by Antoine Davis-Bey, Plaintiff, who has produced "a valid National Identity Card" as identification, and who has executed the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Witness my hand and official seal.

[Seal]

JYOTSNA N. VED
Notary Public, State of Texas
Comm. Expires 03-29-2026
Notary ID 124169265

Jyotsna N. Ved
[Signature of Notary Public]

JYOTSNA N VED
(Printed name of Notary Public)

My commission expires: 03.29.2026